R'd 9/19/13

THIRTEENTH JUDICIAL DISTRICT COURT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

ANDREW CAMILLO,

    Plaintiff,

vs.                                No. D-1314-CV-2013-01090

CITY OF BELEN, NEW MEXICO, a
New Mexico and MARY LUCY BACA,
individually and in her official capacity as
City Manager of the City of Belen

    Defendant.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:     CITY OF BELEN, NEW MEXICO

Defendant(s), Greetings:

    You are hereby directed to serve a pleading or motion in response to the complaint within thirty (30) days after service of this summons, and file the same, all as provided by law.

    You are notified that, unless you serve and file a responsive pleading or motion, the Plaintiff(s) will apply to the court for the relief demanded in the Complaint.

Attorneys for Plaintiff:                E. Justin Pennington
                                                LAW OFFICES OF E. JUSTIN PENNINGTON
                                                2014 Central Avenue, SW Suite H
                                                Albuquerque, New Mexico 87104
                                                (505) 842-9164

    WITNESS the Honorable VIOLET C. OTERO, District Judge of the State of New Mexico, and the Seal of the District Court of said County, this 17TH day of SEPTEMBER, 2013.



                                                PHILLIP ROMERO, CLERK

                                                By: /S/ JANE YARBROUGH
                                                Deputy

    NOTE: This summons does not require you to see, telephone or write to the District Judge of the Court at this time.
    It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court within 30 days after the summons is legally served on you. If you do not do this, the party suing may get a Judgment by default against you.
Revised 1/1/83                                                                                                       CV 4.45-S

**EXHIBIT A**

STATE OF NEW MEXICO           )
                              )ss.
COUNTY OF                     )

RETURN FOR COMPLETION BY SHERIFF OR DEPUTY:
  I certify that I served the within Summons in said County on the _____ day of _____, 20___, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

RETURN COR COMPLETION BY OTHER PERSON MAKING SERVICE:
  I, being duly sworn, on oath, say that I am over the age of 18 years and not a party to this lawsuit, and that I served the within Summons in said County on the _____ day of _____, 20___, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

**(Check on box and fill in appropriate blanks)**

[ ] To Defendant _____ (use when Defendant received copy of Summons, is read Summons or Complaint or refuses to receive Summons or hear reading.)

[ ] To _____, a person over the age of 15 years and residing at the usual place of abode of Defendant _____ who at the time of such service was absent therefrom.

[ ] By posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode.)

[ ] To _____, an agent authorized to receive service of process for Defendant _____.

[ ] To _____, (parent) (guardian) of Defendant (used when Defendant is a minor or an incapacitated person.)

[ ] To _____, _____
name of person title of person authorized to receive service _____(used when Defendant is a corporation or association subject to a suit under common name, a land grant board of trustees, the State of New Mexico or any political subdivision.)

                _____
                Signature of Private Citizen Making Service

**Fees:**
SHERIFF OF _____    Subscribed and sworn to before me this
COUNTY OF _____    _____ day of _____, 2000
STATE OF NEW MEXICO

_____      Notary or other Officer
Sheriff             Authorized to Administer Oaths
By: _____    Title _____
Deputy             My Commission Expires _____

THIRTEENTH JUDICIAL DISTRICT COURT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

ANDREW CAMILLO,

    Plaintiff,

vs.                                    No. D-1314-CV-2013-01090

CITY OF BELEN, NEW MEXICO, a
New Mexico and MARY LUCY BACA,
individually and in her official capacity as
City Manager of the City of Belen

    Defendant.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:    Mary Lucy Baca, Individually

Defendant(s), Greetings:

    You are hereby directed to serve a pleading or motion in response to the complaint within thirty (30) days after service of this summons, and file the same, all as provided by law.

    You are notified that, unless you serve and file a responsive pleading or motion, the Plaintiff(s) will apply to the court for the relief demanded in the Complaint.

Attorneys for Plaintiff:                E. Justin Pennington
                                                    LAW OFFICES OF E. JUSTIN PENNINGTON
                                                    2014 Central Avenue, SW Suite H
                                                    Albuquerque, New Mexico 87104
                                                    (505) 842-9164

    WITNESS the Honorable VIOLET C. OTERO, District Judge of the State of New Mexico, and the Seal of the District Court of said County, this 17TH day of SEPTEMBER, 2013.



                                                    PHILLIP ROMERO, CLERK

                                                    By: /S/ JANE YARBROUGH
                                                        Deputy

    NOTE: This summons does not require you to see, telephone or write to the District Judge of the Court at this time.
    It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court within 30 days after the summons is legally served on you. If you do not do this, the party suing may get a Judgment by default against you.

Revised 1/1/83                                                                         CV 4.45-S

STATE OF NEW MEXICO        )
                           )ss.
COUNTY OF                  )

RETURN FOR COMPLETION BY SHERIFF OR DEPUTY:
    I certify that I served the within Summons in said County on the _____ day of _____, 20___, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

RETURN COR COMPLETION BY OTHER PERSON MAKING SERVICE:
    I, being duly sworn, on oath, say that I am over the age of 18 years and not a party to this lawsuit, and that I served the within Summons in said County on the _____ day of _____, 20___, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

**(Check on box and fill in appropriate blanks)**

[ ] To Defendant _____ (use when Defendant received copy of Summons, is read Summons or Complaint or refuses to receive Summons or hear reading.)

[ ] To _____, a person over the age of 15 years and residing at the usual place of abode of Defendant _____ who at the time of such service was absent therefrom.

[ ] By posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode.)

[ ] To _____, an agent authorized to receive service of process for Defendant _____.

[ ] To _____, (parent) (guardian) of Defendant (used when Defendant is a minor or an incapacitated person.)

[ ] To _____, _____ name of person title of person authorized to receive service _____ (used when Defendant is a corporation or association subject to a suit under common name, a land grant board of trustees, the State of New Mexico or any political subdivision.)

_____
Signature of Private Citizen Making Service

Fees:
SHERIFF OF _____
COUNTY OF _____
STATE OF NEW MEXICO

Subscribed and sworn to before me this _____ day of _____, 2000

_____
**Sheriff**

By: _____
Deputy

_____
Notary or other Officer
Authorized to Administer Oaths
Title _____
My Commission Expires _____

Rec'd 9/19/13

THIRTEENTH JUDICIAL DISTRICT COURT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

ANDREW CAMILLO,

    Plaintiff,

vs.    No. D-1314-CV-2013-01090

CITY OF BELEN, NEW MEXICO, a
New Mexico and MARY LUCY BACA,
individually and in her official capacity as
City Manager of the City of Belen

    Defendant.

## SUMMONS
### THE STATE OF NEW MEXICO

TO:   Mary Lucy Baca, In her
official capacity as City
Manager for the City of Belen

Defendant(s), Greetings:

    You are hereby directed to serve a pleading or motion in response to the complaint within thirty (30) days after service of this summons, and file the same, all as provided by law.

    You are notified that, unless you serve and file a responsive pleading or motion, the Plaintiff(s) will apply to the court for the relief demanded in the Complaint.

Attorneys for Plaintiff:    E. Justin Pennington
    LAW OFFICES OF E. JUSTIN PENNINGTON
    2014 Central Avenue, SW Suite H
    Albuquerque, New Mexico 87104
    (505) 842-9164

    WITNESS the Honorable VIOLET C. OTERO, District Judge of the State of New Mexico, and the Seal of the District Court of said County, this 17TH day of SEPTEMBER, 2013.



PHILLIP ROMERO, CLERK

By: /S/ JANE YARBROUGH
    Deputy

    NOTE: This summons does not require you to see, telephone or write to the District Judge of the Court at this time.
    It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court within 30 days after the summons is legally served on you. If you do not do this, the party suing may get a Judgment by default against you.

Revised 1/1/83    CV4.45-5

STATE OF NEW MEXICO       )
                          )ss.
COUNTY OF                 )

**RETURN FOR COMPLETION BY SHERIFF OR DEPUTY:**
    I certify that I served the within Summons in said County on the _____ day of _____, 20___, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

**RETURN COR COMPLETION BY OTHER PERSON MAKING SERVICE:**
    I, being duly sworn, on oath, say that I am over the age of 18 years and not a party to this lawsuit, and that I served the within Summons in said County on the _____ day of _____, 20___, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

**(Check on box and fill in appropriate blanks)**

[ ]    To Defendant _____ (use when Defendant received copy of Summons, is read Summons or Complaint or refuses to receive Summons or hear reading.)

[ ]    To _____, a person over the age of 15 years and residing at the usual place of abode of Defendant _____ who at the time of such service was absent therefrom.

[ ]    By posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode.)

[ ]    To _____, an agent authorized to receive service of process for Defendant _____.

[ ]    To _____, (parent) (guardian) of Defendant (used when Defendant is a minor or an incapacitated person.)

[ ]    To _____, _____ name of person title of person authorized to receive service _____ (used when Defendant is a corporation or association subject to a suit under common name, a land grant board of trustees, the State of New Mexico or any political subdivision.)

_____
Signature of Private Citizen Making Service

**Fees:**
SHERIFF OF _____
COUNTY OF _____
STATE OF NEW MEXICO

_____
**Sheriff**

By: _____
Deputy

Subscribed and sworn to before me this _____ day of _____, 2000

_____
Notary or other Officer
Authorized to Administer Oaths
Title _____
My Commission Expires _____

AY

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/16/2013 2:42:09 PM
PHILLIP ROMERO

THIRTEENTH JUDICIAL DISTRICT COURT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

ANDREW CAMILLO,

    Plaintiff,

v.

No. D-1314-CV-2013-01090

CITY OF BELEN, NEW MEXICO, a
New Mexico municipality and MARY LUCY
BACA, individually and in her official capacity as
City Manager of the City of Belen,

    Defendants.

## COMPLAINT FOR BREACH OF EMPLOYMENT CONTRACT, FOR VIOLATION OF CIVIL RIGHTS, WITH ALTERNATIVE PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, Andrew Camillo, by and through his counsel of record, LAW OFFICES OF E. JUSTIN PENNINGTON, and for his Complaint against Defendants states:

1. This action is brought to secure the protection and to redress the deprivation of rights secured by statutes of the State of New Mexico and municipal ordinances pursuant thereto, and pursuant to the common law of the State of New Mexico. This action also seeks declaratory and injunctive relief pursuant to the New Mexico Declaratory Judgment Act, NMSA§44-6-1. The jurisdiction of this Court is invoked to secure declaratory, injunctive, compensatory, and other relief against the deprivation of civil rights, and for damages as allowed by the common law.

### PARTIES AND JURISDICTION.

2. Plaintiff Andrew Camillo (hereinafter "Camillo"), at all times material hereto was an employee of and employed by Defendant City of Belen (hereinafter "City"), New Mexico.

3. Defendant City of Belen, New Mexico (hereinafter "City"), is a municipality created pursuant to New Mexico statute and has the capacity to sue and be sued. Defendant City is situated

within Valencia County, making venue in this court proper pursuant to NMSA §38-3-2.

4. Defendant Mary Lucy Baca (hereinafter "Baca"), at all times material hereto, was employed by Defendant City, as its City Manager. Defendant Baca is sued in her official and individual capacities.

5. The unlawful acts alleged herein occurred in Valencia County further making venue proper pursuant to NMSA §38-3-1.

6. The court has jurisdiction over the parties and subject matter hereto pursuant to NMSA § 44-6-2 and Article VI, §13 of the Constitution of the State of New Mexico.

FACTUAL BACKGROUND

7. On May 19, 2003, Defendant City, pursuant to the statutory authority contained at NMSA § 3-13-4, adopted a personnel ordinance establishing a Merit System Plan for the hiring, promotion, discharge and general regulation of employees. Said personnel ordinance has been periodically amended, as allowed by law.

8. Among other things, said personnel ordinance provides that Defendant City shall adopt rules and regulations establishing a Merit System Plan and Personnel System to be used by all departments of Defendant City. The personnel ordinance and the rules and regulations adopted by Defendant City pursuant thereto are referred to in this Complaint as City's "Merit System Plan".

9. Among other things, City's Merit System Plan provides that nonprobationary employees of Defendant City may be discharged only for just cause. In addition, the Merit System Plan provides individual employees, including Plaintiff, certain substantive rights upon termination of employment, including, but not limited to written notice of intent to terminate

2

specifying the reasons therefor, and a reasonable opportunity for the employee to respond to the specified basis for termination prior to actual termination.

10. Following this pretermination response, the Merit System Plan requires Defendant City, through its City Manager, to issue a final written decision regarding the intended termination, including the reasons therefor. If the City Manager's written decision is to terminate, employees covered by the Merit System Plan, including Plaintiff, are entitled to a public hearing before an impartial Hearing Officer to contest the reasons for termination, including the right to representation by counsel, pre-trial discovery, the ability to call and confront witnesses, and similar fundamental protections.

12. Following this posttermination hearing, the Merit System Plan requires the assigned Hearing Officer to issue a final written decision upholding or reversing the final written decision of the City Manager. The Merit System Plan allows aggrieved employees, including Plaintiff, the right to district court review of the final written decision of the Hearing Officer.

12. At all times material hereto, Plaintiff Camillo was employed by Defendant City as its Planning and Zoning Director. Plaintiff successfully completed his probationary period, and as such, Plaintiff's employment was subject to the aforesaid Merit System Plan and he was entitled to all the rights and benefits of the Merit System Plan.

13. At all times material hereto, Plaintiff performed his duties as Planning and Zoning Director in a professional, competent, and satisfactory manner.

14. On April 2, 2012, Plaintiff Camillo received written Notice of Intent to Terminate Employment from Defendant Baca, in her capacity as City Manager for Defendant City. The written notice proposed to terminate Plaintiff's employment upon vague and unspecified

3

grounds. Plaintiff disputed the grounds for termination. Pursuant to Defendant City's Merit System Plan, Plaintiff timely requested a pretermination hearing. The purpose of this pretermination hearing was to provide Plaintiff an opportunity to respond to the allegation of cause raised by Defendant Baca, and to provide reasons why the recommended termination should not go forward.

15. Pursuant to the express provisions of City's Merit System Plan, the pretermination hearing was to be scheduled within a reasonable time upon the written agreement of the parties.

16. Contrary to the express provisions of City's Merit System Plan requiring the parties to agree upon the time, place and date of the pre-disciplinary hearing, Defendant City unilaterally scheduled the pretermination hearing for June 7, 2012, without agreement from Plaintiff and without providing adequate notice and an opportunity to respond. As a consequence, Plaintiff was not able to attend the pretermination hearing.

17. Pursuant to the express provisions of City's Merit System Plan, Defendant Baca, in her capacity as City Manager, was required to issue a written decision within five (5) working days of the conclusion of the pretermination hearing. The required written decision was to include the time, date and location of the pretermination meeting, the persons present, and the City Manager's final determination. Under the express provisions of the Merit System Plan the required written decision was to be either delivered to the employee (obtaining employee's signature acknowledging receipt of the decision) or sent by Certified Mail – Return Receipt Requested.

18. Defendant Baca, in her capacity as City Manager, failed to issue the required written decision and further failed to deliver the written decision to Plaintiff Camillo.

4

19. Notwithstanding the failure of Defendant Baca to issue and deliver the required written decision, Plaintiff learned through counsel that Defendant Baca considered his employment to have been terminated. Plaintiff thereupon demanded that Defendant Baca issue her final written decision so that Plaintiff's rights to a post termination hearing could be exercised.

20. Defendant Baca thereafter failed or refused to issue the required written decision thereby frustrating Plaintiff's rights to a post termination hearing and further process.

21. Upon information and belief, Plaintiff was terminated by Defendant on June 7, 2012, without cause, without opportunity to respond prior to termination, without a written decision specifying the basis for discharge, without access to an evidentiary hearing before an impartial Hearing Officer to contest his termination, without final written decision by the City and without access to district court review.

22. As a direct and proximate result of Defendant's actions, Plaintiff has suffered past, present, and future loss of pay and benefits, damage to reputation and career, and continued stress and embarrassment, all for which Plaintiff should be compensated.

## COUNT I
### BREACH OF EMPLOYMENT CONTRACT

23. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22, inclusive, of his Complaint. As to Defendant City Plaintiff further alleges:

24. Pursuant to the express provisions of NMSA §3-13-4, by adopting a Merit System Ordinance, the ordinance and the personnel policies and procedures adopted thereto were incorporated in to the contract of employment between Defendant Belen and Plaintiff Camillo.

As a matter of law, Defendant City's Merit System Plan constituted a valid written contract of employment enforceable by Plaintiff against Defendant City.

25. Defendant City, acting through Defendant Baca in her official capacity as City Manager, breached the contract of employment with Plaintiff beginning June 7, 2012, by failing to provide adequate pre-termination notice of reasons for termination, and a reasonable opportunity to respond prior to Plaintiff's termination. Defendant City further failed to issue and deliver to Plaintiff the required written decision to terminate his employment.

26. Further, Defendant City breached the contract of employment by failing to allow Plaintiff a post-termination hearing to contest the reasons for his termination and failed to issue and deliver the required written decision to Plaintiff as contemplated by the Merit System Plan.

27. As a result of the foregoing, Plaintiff's employment by Defendant City was terminated contrary to the express provisions of the employment contract. Further Plaintiff was deprived, not only of his right to pre- and post-termination process related to his termination, but was further deprived of his right to district court review of the final written decision of Defendant City.

28. As a direct and proximate result of Defendants' breach of the employment contract with Plaintiff, Plaintiff has suffered past, present, and future loss of pay and benefits, damage to reputation and career, humiliation, and continued stress and embarrassment, all for which Plaintiff should be compensated.

WHEREFORE, Plaintiffs pray that the Court enter judgment in his favor and against Defendant City for compensatory damages in an amount to be proved at trial, that the Court enjoin Defendant from continuing to breach the contract of employment by restoring his

employment subject to the provisions of the Merit System Plan, that the Court award Plaintiff his costs, and for such other and additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### DEPRIVATION OF PROPERTY AND LIBERTY RIGHTS WITHOUT DUE PROCESS OF LAW CONTRARY TO SECTIONS 1983

29. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 - 28 of his Complaint. As to Defendant City and Defendant Baca, acting in her individual capacity, Plaintiff further alleges:

30. At all times material hereto, Defendants City and Baca engaged in state action within the meaning of the 14th Amendment to the United States Constitution and acted under color of New Mexico state law, policy or custom within the meaning of 42 U.S.C. §1983 with the intent to deprive Plaintiff of federally protected rights without due process of law.

31. Plaintiff had clearly established rights under his employment contract as incorporated in to the Merit System Plan and under the common law of the State of New Mexico to continuing employment by the Defendant City absent just and legal cause for termination, and further had clearly established rights to contest his termination through public hearing and district court review.

32. Defendants City and Baca intentionally and deliberately deprived Plaintiff of his property and liberty interests in his continued employment with City when Defendants terminated Plaintiff on June 7, 2012, without adequate written notice and without an opportunity to contest the allegations of cause both before and after his termination.

33. The actions of the Defendants caused Plaintiff to be deprived of property and

7

liberty without due process of law contrary to 42 U.S.C. §1983.

34. As a direct and proximate result of the individual Defendants' actions as described herein, Plaintiff suffered damages for which he should be compensated, including but not limited to the loss of his good name and reputation, embarrassment, humiliation, loss of employment and the wages and benefits associated therewith, and other losses proximately flowing from Defendants' actions.

35. Plaintiff has further been required to retain counsel to secure his rights under law and has and will incur costs, expense and attorney's fees for which he should be reimbursed pursuant to the provisions of 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants City and Baca, jointly and severally, and to award Plaintiff damages in an amount sufficient to compensate him for his losses, for his costs and attorney's fees herein, and for such further and additional relief as the Court deems just and proper under the circumstances.

### COUNT III
### ALTERNATIVE PETITION FOR DECLARATORY OR INJUNCTIVE RELIEF

36. As an alternative basis for relief, Plaintiff realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 35 of his Complaint. As to the Defendant Belen and Defendant Baca in her official capacity, Plaintiff further alleges:

37. Under the clear and express provisions of City's Merit System Plan, Plaintiff was entitled to meaningful rights, including but not limited to a reasonable opportunity to respond to and contest his termination through pre- and post-termination processes including review by the district court.

45. Defendants, through their actions described herein, have failed and refused to allow

8

Plaintiff's rights as mandated by City's Merit System Plan.

47.  As a consequence of Defendants' actions Plaintiff has been deprived of his right to continuing employment and to the process provided by law.

48.  Under the authority granted by NMSA § 44-6-13 the district court should declare Plaintiff's rights as provided by the City's Merit System Plan, and issue its order to Defendants to reinstate Plaintiff's employment subject to the statutory and regulatory protections required by law.

WHEREFORE, Plaintiff respectfully prays that the Court issue its order and judgment declaring Plaintiff's rights under the provisions of the City's Merit System Plan. Further, Plaintiff prays that the Court issue its order to Defendants City and Baca, in her official capacity, to reinstate Plaintiff's employment subject to the statutory and regulatory protections contained within said Merit System Plan. Plaintiff should be allowed his costs in this action and such further and additional relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

LAW OFFICES E. JUSTIN PENNINGTON

*/s/ E. Justin Pennington*
E. Justin Pennington
Attorney for Plaintiff Andrew Camillo
2014 Central Avenue SW, Suite H
Albuquerque, New Mexico 87104
(505) 842-9164